IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRELL ALLEN, #26059-038 | * | |
| | * | |
| Petitioner, | * | Civil Action No. PWG-16-1883 |
| | * | |
| v | * | |
| | * | |
| WARDEN JOHN CARAWAY | * | |
| | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM OPINION**

Darrell Allen is a federal inmate incarcerated at the Federal Correctional Institution in Cumberland, Maryland. On June 6, 2016, he filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, asking to vacate his sentence imposed by the United States District Court for the District of Massachusetts for possession of a firearm by a convicted felon. ECF No. 1. For reasons set forth below, the Petition will be treated as Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and transferred to the United States District Court for the District of Massachusetts.

**BACKGROUND**

In 2007, Allen entered a conditional plea of guilty to felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Allen was sentenced to 180 months imprisonment and 3 years of supervised release on March 5, 2008. *United States v. Allen* ("*Allen I*"), Criminal Case No. 06-cr-10170-MLW-1. (D. Mass.). Under the terms of the plea agreement, Allen retained the right to appeal a suppression ruling, and he noted an appeal. The United States Court of Appeals for the First Circuit affirmed the judgment of conviction on July 22, 2009. *United States v. Allen*, 573 F.3d 42 (1st Cir. 2009).

On December 24, 2013, the United States District Court for the District of Massachusetts denied Allen's Motion to Vacate pursuant to 28 U.S.C. § 2255 and denied a Certificate of Appealability. *Allen I*; *see* https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?92261362610788-L_1_0-1.

Allen filed this § 2241 petition on June 6, 2016. ECF No. 1.  He claims he is entitled to vacatur of his sentence and resentencing in light of *Johnson v United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). [1] Pet. 7–8.

### DISCUSSION

Allen asserts this Court has jurisdiction because the remedy provided under 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his sentence. "[A]ttacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). But, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is typically the exclusive remedy for testing the validity of federal judgments and sentences. 28 U.S.C. § 2255(a); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (observing that "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255"). "In contrast to a § 2255 habeas petition, which is filed with the original sentencing court, a § 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole,* 531 F.3d 263, 264 (4th Cir. 2008).

A prisoner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" *Prousalis v. Moore*, 751 F.3d 272, 275 (4th Cir. 2014) (quoting 28 U.S.C. § 2255(e)).  If a

---

[1] The Supreme Court held in *Johnson* that imposing an increased sentence under the Residual Clause of the Armed Career Criminal Act ("ACCA") violates the Constitution's guarantee of due process. Johnson, 135 S.Ct. at 2563.  In *Welch v. United States*, 136 S. Ct. at 1265, the Supreme Court held that *Johnson* applies retroactively on collateral review.

federal inmate files a § 2241 petition that does not fall within the purview of this "savings clause," then the "unauthorized habeas motion must be dismissed for lack of jurisdiction." *Rice*, 617 F.3d at 807.

The "savings clause" is not triggered merely "because an individual is procedurally barred from filing a Section 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5. The United States Court of Appeals for the Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000). The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001).

On April 18, 2016, the Supreme Court held that *Johnson* announced a substantive, rather than procedural, rule because it altered the reach of the underlying statute rather than the judicial procedures by which the statute was applied. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016). Johnson thus applies retroactively to cases on collateral review. *Id*. Because the Supreme Court has announced that *Johnson* establishes a new rule of constitutional law to be applied retroactively to cases on collateral review, Allen cannot demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. As such, the Court lacks jurisdiction to consider this matter. Instead, Allen must seek relief from the sentencing court pursuant to § 2255 or seek authorization from the appropriate court of appeals to file a second or successive

§ 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Recognizing that the deadline for filing *Johnson* claims was one year from the date the Supreme Court initially recognized the right when it decided *Johnson* on June 25, 2016, *see* 28 U.S.C. § 2255(f)(3), the Court shall treat the Petition as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and in the interests of justice transfer this case pursuant to 28 U.S.C. § 1631 to the United States District Court for the District of Massachusetts (Boston Division). *See United States v. McNeill,* 523 F. App'x 979, 984 (4th Cir. 2013).

## CONCLUSION

For the reasons stated, this case, treated as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, will be transferred to the United States District Court for the District of Massachusetts (Boston Division). A separate Order follows.

June 29, 2016                                      /S/
Date                                                 Paul W. Grimm
                                                      United States District Judge